SUPERIOR COURT
OF GUAM

??? OTC -6 IN 9: 06

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GLORIA UNPINGCO SANTIAGO and RANDOLPH AGUON SANTIAGO, <br><br> Plaintiffs, <br><br> vs. <br><br> DORIS CHIGUINA AGUON and ANTHONY AGUON, <br><br> Defendants. | CIVIL CASE NO. CV0145-21 <br><br><br> **DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez on September 7, 2021 for a hearing on Plaintiffs Gloria Unpingco Santiago ("Plaintiff Gloria") and Randolph Aguon Santiago's ("Plaintiff Randolph") (collectively "Plaintiffs") Motion to Dismiss. Present via Zoom were Defendants Doris Chiguina Aguon ("Defendant Doris") and Anthony Aguon ("Defendant Anthony") (collectively "Defendants"); Attorney Charles H. McDonald II representing Defendants; Plaintiffs; and Assistant Public Defender David Highsmith representing Plaintiffs. Upon consideration of the arguments presented and in light of the applicable law, the Court hereby **GRANTS** Plaintiffs' Motion to Dismiss.

## BACKGROUND

The above-captioned matter arises out of Plaintiffs' Complaint for Permanent Injunction seeking a restraining order prohibiting Defendants from going within five hundred feet of Plaintiffs' residence, from contacting Plaintiffs, and from otherwise harassing Plaintiffs. Based

on Plaintiff's Motion for an Order to Show Cause, supporting Declaration, and testimony at an *ex parte* hearing on February 10, 2021, the Court issued a Temporary Restraining Order on February 16, 2021.[1]

When the matter was reassigned to the undersigned, the Court issued a continued Temporary Restraining Order on February 23, 2021 and scheduled a continued Order to Show Cause hearing for March 5, 2021. At the March 5, 2021 hearing, the Defendants requested additional time to hire an attorney, therefore, the Court continued the Temporary Restraining Order and set a continued Order to Show Cause hearing for April 13, 2021.

At the April 13, 2021 hearing, Attorney McDonald entered his appearance for Defendants. Defendants requested additional time to file an Answer to the Complaint and agreed to a continued Temporary Restraining Order. The Court orally continued the Temporary Restraining Order and directed Defendants to file an Answer or other responsive pleading by May 13, 2021.

On May 13, 2021, Defendants filed an Answer to Complaint for Permanent Injunction and Counterclaim. The Counterclaim asserts two causes of action: 1) a claim for a permanent injunction; 2) a claim seeking damages for the tort of intentional infliction of emotional distress ("IIED claim"). On June 2, 2021, Plaintiffs filed the instant Motion to Dismiss seeking dismissal of the IIED claim arguing that regarding this cause of action, Defendants have failed to state a claim for which relief can be granted.

The Court again continued the Temporary Restraining Order until a hearing on June 15, 2021. At the June 15, 2021 hearing, the parties agreed to a Mutual Temporary Restraining Order

---

[1] This case was previously assigned to the Honorable Elyze M. Iriarte, but was reassigned to the Honorable Dana A. Gutierrez on February 23, 2021.

pending the resolution of this case, or until further order of the Court. The Court ordered that any oppositions to the Motion to Dismiss be filed by July 27, 2021, any replies to be filed by August 10, 2021 and set the Motion Hearing for September 7, 2021.

Defendants filed their Opposition to Plaintiffs' Motion to Dismiss on July 30, 2021. Plaintiffs filed their Reply on August 10, 2021. The parties presented oral arguments to the Court on September 7, 2021 and the Court subsequently took the matter under advisement.

## DISCUSSION

Plaintiffs' Motion to Dismiss seeks dismissal of the Defendants' IIED claim pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP") arguing that even assuming all facts alleged by Defendants' are true, Defendants' counterclaim of IIED fails to state a claim upon which relief may be granted. Motion, at 3-5 (June 2, 2021). In opposition, Defendants argue that whether Defendants' counterclaim allegations constitute "outrageous or extreme conduct" is a question of fact that should be determined from all the evidence. Opp. at 2 (July 30, 2021); Min. Entry, 10:33:42-10:35:08 AM (Sept. 7, 2021).

## I.     Standard of Review for a Rule 12(b)(6) Motion to Dismiss.

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. (8)(a)(2). Rule 12(b)(6) of the GRCP permits a defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."[2] *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. In *Ukau v. Wang*, the Guam Supreme Court explicitly rejected the

---

[2] In the context of this case, the Plaintiffs seek dismissal of a counterclaim. Therefore, when referring to a "complaint," this Court interprets the case law as applicable to the counterclaim, and the Court considers the Plaintiffs as the counterclaim-defendants, while the Defendants are the counterclaim-plaintiffs.

heightened pleading standard established for federal 12(b)(6) motions to dismiss by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal. Ukau v. Wang*, 2016 Guam 26 ¶ 20-33 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Pursuant to *Ukau*, "Guam law requires only notice pleading, not fact pleading." *Id.* at ¶ 21. This means that a complaint (or counterclaim) "need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at ¶ 22. Thus, a complaint (or counterclaim) "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* However, while the Guam Supreme Court has rejected the heightened plausibility standard established by *Twombly/Iqbal*, the Guam Supreme Court does recognize the principle that "a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at ¶ 26 (citing *Core Tech Int'l Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14.

## II. Whether Plaintiffs' Conduct May Reasonably Be Regarded As Outrageous Is A Question of Law.

In Guam, the elements of IIED are "(1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate

4

causation of that emotional distress." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 77. In evaluating a motion to dismiss a claim of IIED, "the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress." *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d 419, 428 (W. Va. 1998) (where the Court identified similar elements to establish an IIED claim and evaluated a motion to dismiss the claim).

In jurisdictions that have similarly rejected the heightened pleading standard established by *Twombly/Iqbal*[3] and that have similar, or identical, elements for an IIED claim, courts have held that "[w]hether conduct may reasonably be considered outrageous is a **legal question**, and whether conduct is in fact outrageous is a question for jury determination." *Travis*, 504 S.E.2d at 428 (emphasis added); *McBrearty v. Livengood*, 117 Wash.App. 1094, at *4 (Wash. Ct. App. 2003) ("Whether certain conduct is sufficiently outrageous is ordinarily a question for the trier of fact, but the trial court must first determine that reasonable minds could differ on whether the conduct has been sufficiently extreme and outrageous to result in liability."); *Smith v. Iowa state Univ. of Science and Tech.*, 851 N.W.2d 1, 26 (Iowa 2014) ("[I]t is for the court to determine in the first instance, **as a matter of law**, whether the conduct complained of may reasonably be regarded as outrageous.") (emphasis added).

### III. The Conduct of the Plaintiffs Alleged By Defendants May Not Reasonably Be Considered As Outrageous.

Assuming all facts alleged by the Defendants are true, the facts supporting the

---

[3] As of October 2020, only twelve state supreme courts have substantially examined or addressed the *Twombly/Iqbal* holding. Matthew Marino, Comment, *Debunking Twombly/Iqbal: Plausibility Is More Than Plausible in Ohio and Other States*, 89 U. Cin. L. Rev. 1066, 1067, n. 11 (October 2020). Of those twelve states, at least eight have declined to shift from the established basic notice pleading principles to the plausibility requirements established by *Twombly/Iqbal*. *Id.* These are: Arizona, Iowa, Minnesota, Montana, Tennessee, Vermont, Washington, and West Virginia. *Id.*

Defendants' IIED claim are as follows:

1. The Plaintiffs and Defendants are neighbors whose homes share a common border that is approximately fifteen feet apart;

2. The Defendants' home is well maintained;

3. The Plaintiffs' home appears cluttered and unorganized and it not well manicured;

4. Around August 2020, the Defendants noticed that the Plaintiffs installed an electronic device that would state in a male voice "what are you doing" as the Defendants walk by or stand on their property near the Plaintiffs' home;

5. Plaintiff Gloria would ensure that the device sounds off while the Defendants are cooking or enjoying their leisure time outside of their home;

6. Plaintiff Gloria only began using the electronic device to harass the Defendants after she harassed Defendant Doris regarding her plants;

7. Plaintiff Gloria's installation of the surveillance system and talking electronic device and subsequent use against the Defendants was intended to cause the Defendants to suffer emotional distress;

8. Defendants have suffered emotional distress. Specifically, Defendant Doris feels anxiety and stress when she is outside her home because of the surveillance system and talking electronic device. Defendant Doris has lost weight and loses sleep at night because of Plaintiff Gloria's actions. Defendant Anthony also has anxiety and stress while working outside his home because he knows Plaintiff Gloria is watching him and sounding her electronic device when he walks near certain areas of his property;

9. Defendant Doris had to seek medical care for her anxiety and stress caused by

Plaintiff Gloria. Defendant Doris is emotionally distraught because of Plaintiff Gloria's actions;

10.     Plaintiff Gloria's actions of installing the surveillance system and directing it towards the Defendants and her use of the talking electronic device to harass them have caused the emotional distress suffered by the Defendants;

11.     The Defendants have suffered economic and non-economic damages of no less than $100,000.00.

*See* Answer and Counterclaim (May 13, 2021). Essentially, the alleged outrageous conduct of the Plaintiffs can be summarized as placing an electronic device that sounds off when someone walks near it by stating "what are you doing," and implementing a surveillance system on their property. Neither the Counterclaim nor the Defendants' Opposition was supplemented by affidavits or exhibits. *See id.*; Opp. (July 30, 2021).

In *Moylan v. Citizens Sec. Bank,* when establishing the elements for IIED, the Guam Supreme Court cited to the standard for IIED set forth in the Restatement (Second) of Torts §§ 46, 313 (1988) ("Restatement"). *Moylan,* 2015 Guam 36 ¶ 77. The Restatement explains that for conduct to be "extreme and outrageous," "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities . . . plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." Restatement (Second) of Torts § 46.

In jurisdictions that have cited the standard reflected in the Restatement, courts have

consistently found that surveillance cameras set up to record neighbors and other related "annoying" or even harassing conduct against neighbors is not, as a matter of law, sufficiently "outrageous conduct" to survive a motion to dismiss an IIED claim.[4]

In this case, even assuming all the facts alleged by Defendants are true, the Court does not find that reasonable minds could differ on whether the Plaintiffs' alleged conduct has been sufficiently extreme and outrageous to result in liability for an IIED claim. *See McBrearty*, 117 Wash.App. at *4. Case law and the Restatement hold that surveillance of neighbors, even when coupled with other vulgar, annoying, or disturbing actions, is not "outrageous conduct" in the context of an IIED claim. *See supra*, note 4.

Here, aside from the surveillance of Defendants, the only additional conduct alleged is that Plaintiffs have used a sensored electronic device which says "what are you doing" when it detects movement. Although it may be "annoying," "unkind," or even conducted with malicious intent, it is not enough that a person's conduct has been characterized by "malice" or a "degree of

---

[4] *Compare, e.g., Schiller v. Mitchell*, 828 N.E.2d 323, 333, 338 (Ill. App. Ct. 2005) (affirming trial court's dismissal of IIED holding that harassing homeowners by continually calling police and aiming surveillance cameras at the neighbors' property could not reasonably be considered "extreme and outrageous"); *Curry v. Whitaker*, 943 N.E.2d 354, 361-62 (Ind. Ct. App. 2011) (affirming trial court's dismissal of the IIED claim and finding that as a matter of law, "installing surveillance cameras, filing police reports, waging a campaign in the community against [the plaintiffs], and collusion with [a police officer]" did not constitute "outrageous conduct"); *Polay v. McMahon*, 10 N.E.3d 1122, 1128-30 (Mass. 2014) (affirming the dismissal of IIED claim and holding that 1) filing false police reports, 2) verbally attacking plaintiffs and parking their car in such a way as to prevent plaintiffs from pulling out of driveway, and 3) monitoring and recording plaintiffs on a continual basis does not constitute "extreme and outrageous conduct"); *Hall v. Gallo*, No. 030476708, 2008 WL 2796950, at 11 (Conn. Super. Ct. 2008) (dismissing IIED claim for failure to allege sufficiently "outrageous conduct" where the defendants placed surveillance on their neighbors and repeatedly "gave the finger" to them), *with Czajkowski v. Meyers*, 172 P.3d 94, 102 (Mont. 2007) (where continual surveillance of neighbors for over four years coupled with evidence that defendants subjected plaintiffs to "an unrelenting barrage of obscene gestures" and "vile verbal abuse in which [defendants] employed the coarsest and most offensive words in [the english] language" was found to be "atrocious and utterly intolerable in a civilized community.").

aggravation which would entitle the plaintiff to punitive damages for another tort." Restatement (Second) of Torts § 46.

Even assuming all the facts alleged by Defendants are true, the conduct complained of may not reasonably be viewed as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See id.* Therefore, upon a review of the facts alleged by Defendants and in viewing the allegations in the light most favorable to the Defendants, this Court finds that as a matter of law, the Defendants have not sufficiently pled "extreme and outrageous conduct" committed by the Plaintiffs to overcome dismissal of the Defendants' IIED claim.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Dismiss and **ORDERS** that Defendants' Second Cause of Action: Intentional Infliction of Emotional Distress is **DISMISSED**.

**SO ORDERED:** _____ 0 6 DEC 2021 _____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_____ PDSc _____

_____ Mcdonals _____

Date: _____ Time: 12/6/21

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

9